UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JONATHAN TESSMER,           )
                           )
            Petitioner,    )
                           )
v.                         )     No. 4:16 CV 34 RWS
                           )
UNITED STATES OF AMERICA,  )
                           )
            Respondent.    )

## MEMORANDUM AND ORDER

On December 14, 2015, Petitioner Jonathan Tessmer filed a letter with this Court indicating he believes he may be entitled to relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). I construed that letter as a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. I directed the Clerk of Court to forward Tessmer's motion to the Office of the Public Defender for the Eastern District of Missouri on January 22, 2016 and ordered the Public Defender to notify this Court whether it will be pursuing Tessmer's arguments under Johnson. On May 18, 2016, Tessmer filed another motion on a section 2255 form, on which he indicates he believes he is entitled to relief on the additional grounds that he received ineffective assistance of counsel because his counsel did not challenge "the due process violation substantiated in Johnson v. United

States." His supporting facts and attached memorandum of law detail his grounds for believing he is entitled to relief under <u>Johnson</u>.

I will construe Tessmer's second motion as an amended section 2255 motion that asserts an additional claim of ineffective assistance of counsel. As Tessmer's conviction became final for section 2255 purposes more than one year before he filed his section 2255 motions, his ineffective assistance of counsel claim is time-barred. <u>See</u> 28 U.S.C. § 2255(f) (one-year limitation period applies to motions under this section). As a result, I will dismiss that claim. Tessmer's claim for relief under <u>Johnson</u>, which was filed within a year of the Supreme Court's decision in <u>Johnson</u>, remains pending. <u>See</u> 28 U.S.C. § 2255(f)(3). The case is still referred to the Public Defender's Office, which is to notify this Court by June 17, 2016 whether it will be pursuing Tessmer's arguments under <u>Johnson</u>.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Tessmer's ineffective assistance of counsel claim is dismissed as time-barred. Tessmer's claim for relief under <u>Johnson</u> remains pending.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of May, 2016.